PARLATORE
LAW GROUP

**Scott D. Brenner, Esq.**
Partner
260 Madison Avenue, 17th Floor

Application granted in part. While the information identified in plaintiff's letter may be redacted and the unredacted version may be filed under seal, it is not clear to the Court that plaintiff has complied with this Court's Individual Practices Rule 5 governing redactions and sealed filings. The version of the pleading docketed at Doc. 6 appears to have been filed under seal. The Court grants the request to file a redacted version of the pleading on the public docket, and an unredacted version under seal. Counsel should confer with the ECF HelpDesk concerning any technical issues with compliance with this order and the filing of the pleading.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
October 26, 2026

October 23, 2026

**Via ECF**
Hon. Philip M. Halpern, United States District Ju
Charles L. Brieant Jr. Federal Building and Court
300 Quarropas Street
White Plains, New York 10601

Re: *Bianchi v. United States of America*
Case No. 7:26-cv-09223 (PMH)
Letter-Motion to Seal Dkt. Nos. 1-2 and 1-5, to Lift Temporary Seal on the Balance of Dkt. No. 1, and to Verify Dkt. No. 6 Is Unsealed

Dear Judge Halpern:

Parlatore Law Group, LLP represents Plaintiff Anthony Bianchi ("**Plaintiff**"). Under Rules 1(B) and 5 of Your Honor's Individual Practices in Civil Cases (the "**Individual Practices**") and ECF Rule 21.7(b), Plaintiff asks the Court to (1) formally seal Dkt. No. 1-2 (Exhibit C) and Dkt. No. 1-5 (Exhibit G), which contain unredacted personal identifiers; (2) lift the temporary seal on the balance of Dkt. No. 1; and (3) direct the Clerk to verify that the re-filed Complaint (Dkt. No. 6), in which Exhibits C and G are redacted, is unsealed and publicly accessible.

By way of context, on October 22, 2026, the Clerk directed Plaintiff to re-file the Complaint because "the pleading was improperly signed." The original signature block lacked the "S/" that ECF Rule 13.15 requires. Plaintiff therefore had to re-file in any event, and Exhibits C and G were then appropriately redacted.

**Background.** Plaintiff filed the Complaint and its exhibits on October 21, 2026 (Dkt. No. 1).

- **Exhibit C** is a New York DMV Findings and Disposition. It shows Plaintiff's full date of birth and his driver's license number (Dkt. No. 1-2 at 2).
- **Exhibit G** is Plaintiff's Officer Evaluation Report. It contains filled-in fields labeled "SSN (or DOD ID No.)" for Plaintiff and for two non-party Army officials (Dkt. No. 1-5 at 2–3).

By 3:51 PM on October 22, 2026, Plaintiff had re-filed the Complaint with those identifiers redacted (Dkt. No. 6), and counsel e-mailed the ECF Help Desk an "EMERGENCY SEALING REQUEST" asking that the Complaint and exhibits entered under Dkt. No. 1 be temporarily sealed. At 4:14 PM, the Help Desk replied that it had "placed the entry under seal," that a proper application to the Court under ECF Rule 21.7 was

PARLATORE
LAW GROUP



required, and that it had informed Chambers. Rule 21.7(b) requires the filing party to "ask the presiding judge, in writing, for the filing to be formally sealed by the Court." This letter, respectfully, makes that request.

**The identifiers warrant protection.** Each category of identifier in the two exhibits is covered by the Federal Rules, this Court's ECF Rules, or Your Honor's Individual Practices.

- **Date of birth.** Rule 5.2(a) permits a filing to show only "the year of the individual's birth." Fed. R. Civ. P. 5.2(a)(2). ECF Rule 21.3 agrees: "Dates of Birth: include only the year."

- **Driver's license number.** Rule 5.2(a) does not list driver's license numbers or Department of Defense identification numbers. The Court still "may order that a filing be made under seal without redaction," Fed. R. Civ. P. 5.2(d), and may require redaction of additional information for good cause, Fed. R. Civ. P. 5.2(e). The Advisory Committee named driver's license numbers as information for which protection "may be sought under subdivision (d) or (e)." Fed. R. Civ. P. 5.2 advisory committee's note to 2007 adoption. ECF Rule 21.4 likewise flags driver's license numbers. Rule 5(A) of the Individual Practices also flags personal identifying numbers. Individual Practices R. 5(A) (rev. Jan. 6, 2025).

- **Exhibit G numbers.** Each field is labeled "SSN (or DOD ID No.)." To the extent a number is a Social Security number, Rule 5.2(a)(1) limits it to its last four digits. Either way, the field is a unique government identifier for Plaintiff and for two non-parties.

**The public-access balance supports sealing.** Plaintiff assumes for this motion that Exhibits C and G are judicial documents. Even so, the unredacted versions should be sealed.

- **Framework.** Under *Lugosch*, the Court first sets the weight of the presumption of access. It then balances competing considerations against it, including the privacy interests of those resisting disclosure. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

- **Weight of the presumption.** The presumption attaching to these identifiers is minimal. None bears on any claim, defense, or issue before the Court. The redacted exhibits keep all of their substantive content.

- **Privacy interest.** The privacy interest is concrete. This Court's ECF Rules urge caution with sensitive information to "protect people's privacy and reduce the threat of identity theft." ECF Rule 21.1. Two of the affected individuals are non-parties who have put nothing at issue.

- **Public interest.** The public interest is served by the redacted versions of Exhibits C and G filed with the re-filed Complaint (Dkt. No. 6). The public has access to everything of substance in the exhibits, and only the identifiers, which add nothing to the public's understanding of this action, are withheld.

- **Exacting standard.** Sealing is also justified under the stricter standard that *Lugosch* applied to summary judgment papers, which requires "specific, on-the-record findings that sealing is necessary to preserve higher values" and a sealing order "narrowly tailored to achieve that aim." 435 F.3d at 124. The privacy of the identifiers supplies those findings.

- **Narrow tailoring.** The request covers two attachments only. Individual Practices R. 5(B) requires that any redaction or sealing be narrowly tailored to serve the purpose that justifies it. This request meets that requirement.

**The temporary seal on the balance of Dkt. No. 1 should be lifted.** Apart from Exhibits C and G, the original Complaint and its remaining attachments (Dkt. Nos. 1-1, 1-3, 1-4, and 1-6) contain none of the identifiers at issue, and nothing justifies keeping them from public view. Plaintiff therefore asks the Court to seal Dkt. Nos. 1-2 and 1-5 only and to lift the temporary seal on the rest of Dkt. No. 1.

**Dkt. No. 6 should be verified as unsealed.** Dkt. No. 6 is the re-filed Complaint, with Exhibits C and G properly redacted. Plaintiff's Help Desk request concerned only Dkt. No. 1, but on October 23, 2026 the docket displayed Dkt. No. 6 as "not available," for reasons Plaintiff does not know. Plaintiff therefore asks the Court to direct the Clerk to verify that Dkt. No. 6 and each of its attachments is publicly accessible and, if any part is restricted, to unseal it.

We thank the Court for its attention and consideration.

Respectfully submitted,

*/s/ Scott D. Brenner*

Scott D. Brenner
**Parlatore Law Group, LLP**
260 Madison Ave., 17th Floor
New York, New York 10016
Tel.: 646-330-4725
scott.brenner@parlatorelawgroup.com
*Attorney for Plaintiff Anthony Bianchi*